JAMES PATRICK SHEA (Nev. State Bar No. 000405)
KOLESAR & LEATHAM
400 S. Rampart Blvd., Suite 400
Las Vegas, NV 89145
Telephone: 702-362-7800
Facsimile: 702-362-9472
Email: jshea@klnevada.com

EVE H. KARASIK (*Pro Hac Vice* approved)
JOHN-PATRICK M. FRITZ (*Pro Hac Vice* approved)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: EHK@LNBYB.COM; JPF@LNBYB.COM

Attorneys for The Official Committee of Unsecured Creditors

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>Lucky Dragon Hotel & Casino, LLC,<br><br>            Debtor,<br><br>In re:<br><br>Lucky Dragon LP,<br><br>            Debtor. | Case No.: BK-S-18-10792-LEB<br><br>Chapter 11<br><br>Jointly Administered with:<br>Case No.: BK-S-18-10850-LEB<br><br>Hearing Date: June 26, 2018<br>Hearing Time: 9:30 a.m.<br>Place: Courtroom 3<br>      300 Las Vegas Boulevard South<br>      Las Vegas, NV 89101 |

**APPLICATION FOR ENTRY OF AN ORDER UNDER 11 U.S.C. §§ 327(A), 330, 331 AND 1103(A) AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 2014 AND 2016 AUTHORIZING THE EMPLOYMENT OF SYLVESTER & POLEDNAK LTD. AS CONFLICTS COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

The Official Committee of Unsecured Creditors (the "Committee") of Lucky Dragon, LP, and Lucky Dragon Hotel & Casino, LLC (collectively, the "Debtors"), the debtors and debtors in possession in the above-captioned, jointly administered bankruptcy cases, hereby submits this

1

application (the "Application") for the entry of an order, substantially in the form attached hereto as **Exhibit A**, authorizing the Committee's employment and retention of Sylvester & Polednak Ltd.("S&P") as conflicts counsel for the Committee in connection with the Debtors' cases. In support of this Application, the Committee submits the Declaration of Jeffrey R. Sylvester (the "Sylvester Declaration"), which is attached hereto as **Exhibit B** and incorporated herein by reference. In further support of this Application, the Committee represents as follows:

## BACKGROUND

1. On February 16, 2018, debtor Lucky Dragon Hotel & Casino, LLC ("LLC" together with the Debtor, the "Debtors") filed a voluntary petition under Chapter 11 of the Bankruptcy Code, [Docket No. 1, BK-S-18-10792-LED]. Thereafter, on February 21, 2016, the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Court, [Docket No. 1, BK-S-18-10850-LED].

2. On March 1, 2018, the Court entered an order authoring the joint administration of the Debtors' cases, with the Court ordering that the Lucky Dragon Hotel & Casino, LLC case be the lead case. [Docket No. 80, BK-S-18-10792-LED].

3. The Debtors continue to operate their businesses and manage their properties as debtors and debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. On March 8, 2018, the United States Trustee for the District of Nevada appointed the Committee to represent the interests of the Debtors' unsecured creditors pursuant to section 1102(a)(1) of the Bankruptcy Code [Docket No. 105, BK-S-18-10792-LED]. On March 8, 2018, the Committee selected Committee member Darrell Horton, Global Director of Credit and Accounts Receivable/Finance of Aristocrat Technologies Incorporated, to serve as the chairperson of the Committee (the "Chairperson").

5. The Lucky Dragon Hotel and Casino consists of the two entities. Lucky Dragon, LP, which owns the real estate and improvements at 300 West Sahara Avenue, Las Vegas, Nevada (the "Property"), and employs 68 full time and 30 part-time people. The gaming, hotel and resort operations are then owner and controlled by the LLC, which also leases the 98

employees from the Debtor.

6. The Committee engaged Levene, Neale, Bender, Yoo & Brill LLP ("LNBYB") and Kolesar & Leatham ("K&L") as general bankruptcy and Nevada bankruptcy counsel, respectively (collectively, "Counsel"). The Court entered orders approving the employment of the Committee's counsel on May 7, 2018 and May 3, 2018 respectively. [Docket Nos. 329 and 316].

7. After consulting with Counsel, the Committee has determined that it would be prudent to engage conflicts counsel to represent the Committee in these Chapter 11 cases. To that end, the Committee wishes to employ S&P as conflicts counsel in the event that there are matters arising in the Chapter 11 cases for which it is necessary and/or appropriate for the Committee to rely on counsel other than LNBYB or K&L, whether by reason of potential conflict of interests concerns or otherwise. The Committee has selected S&P because S&P has the necessary experience in reorganization matters, including matters related to the gaming industry, and is qualified to represent the Committee in the Debtors' cases.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). The statutory basis for the relief sought is provided for in Sections 327, 330, 331 and 1103(a) of the Bankruptcy Code and Bankruptcy Rule 2014.

## EMPLOYMENT AND COMPENSATION OF S&P

9. By this Application the Committee seeks to retain and employ S&P in connection with the Debtors' cases. Specifically, the professional services that S&P will render to the Committee in connection with the Debtors' cases will be for discrete matters to the extent that it is necessary and/or appropriate for the Committee to rely on counsel other than LNBYB or K&L, whether by reason of potential conflict of interests concerns or otherwise.

10. The Committee selected S&P to serve as the Committee's counsel in connection with the Debtors' cases as S&P's professionals possess the requisite experience in providing clients with the scope of services anticipated to be provided to the Committee in connection with

the Debtors' cases.

11. S&P is compromised of attorneys who specialize in insolvency work, and specifically in representing creditors in bankruptcy cases. The Committee expects that Jeffrey Sylvester will be the primary attorney at S&P responsible for representing the Committee as conflicts counsel in the Debtors' cases as discussed herein. Mr. Sylvester has considerable experience in reorganization and bankruptcy cases, including in representing creditors in bankruptcies similar to the Debtors' cases. A copy of Mr. Sylvester's resume is attached to the Sylvester Declaration as **Exhibit 1** and is incorporated herein by reference. S&P's compensation will be calculated based upon S&P's standard hourly billing rates, which are as follows:

| | |
|---|---|
| Jeffrey Sylvester, Esq. | $450.00 per hour |
| Donald T. Polednak, Esq. | $450.00 per hour |
| Allyson R. Noto, Esq. | $400.00 per hour |
| Kelly Schmitt, Esq. | $300.00 per hour |
| Matthew T. Kneeland, Esq. | $300.00 per hour |

12. S&P has not received a retainer for services to be rendered in these cases. S&P will seek Court authority to be paid for any and all fees incurred and expenses advanced by S&P. S&P is seeking to be paid pursuant to those procedures approved by the Court as set forth in that certain *Motion For Approval Of Interim Compensation For Services Rendered And Expenses Incurred Of Schwartz Flansburg PLLC As Attorneys For Debtors-In-Possession* filed by the Debtors on February 27, 2018 [Docket No. 70, BK-S-18-10792-LED] and the order thereon entered on April 2, 2018. [Docket No. 70, BK-S-18-10792-LED]. In addition to filing interim fee applications under the foregoing procedures, S&P shall final applications for payment of fees and reimbursement of expenses in accordance with the Bankruptcy Code, applicable federal and local bankruptcy rules and the Guidelines of the United States Trustee.

13. As set forth above, S&P will bill its time for its representation of the Committee in the Debtors' cases on an hourly billing basis in accordance with S&P's standard hourly billing rates. S&P will seek reimbursement of expenses in accordance with the rates set forth in the guidelines previously promulgated by the OUST.

14. S&P has represented creditors and debtors in cases before the United States Bankruptcy Court for the District of Nevada.

15. S&P will provide monthly billing statements to the Committee that will set forth the amount of fees incurred and expenses advanced by S&P during the previous month.

16. S&P understands the provisions of 11 U.S.C. Sections 327, 330 and 331 which require, among other things, Court approval of the Committee's employment of S&P as counsel and of all legal fees and reimbursement of expenses that S&P will receive from the Debtors' estates.

17. As set forth in the Sylvester Declaration, to the best of S&P's knowledge, S&P does not hold or represent any interest adverse to the Committee, the creditors herein or the bankruptcy estates, and S&P is a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code.

Section 101(14) states that a "disinterested person" is a person that

    i. is not a creditor, an equity security holder, or an insider;

    ii. is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and

    iii. does not have an interest materially adverse to the interest of the estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

18. S&P is not a creditor, an equity security holder or an insider of either of the Debtors.

19. S&P does not have any previous connection with any insider of the Debtors or any insider of an insider of the Debtors.

20. S&P is not and was not an investment banker for any outstanding security of either of the Debtors. S&P has not been within three years prior to the Debtors' bankruptcy filings an investment banker for a security of either of the Debtors, or an attorney for such an investment banker in connection with the offer, sale or issuance of any security of either of the Debtors.

21. Neither S&P nor any member of S&P is, nor was, within two years prior to the Debtors' bankruptcy filings, a director, officer or employee of either of the Debtors or of any investment banker for any security of either of the Debtors.

22. As set forth in the Sylvester Declaration, to the best of S&P's knowledge, S&P does not hold or represent any interest materially adverse to the interest of either of the Debtors' estates, or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, either of the Debtors or an investment banker for any security of either of the Debtors, or for any other reason.

23. To the best of S&P's knowledge, other than as set forth in the Sylvester Declaration, S&P has no prior connection with either of the Debtors, any creditors of either of the Debtors or their estates, or any other party in interest in these cases, or their respective attorneys or accountants, the United States Trustee or any person employed by the United States Trustee.

24. S&P has not shared or agreed to share its compensation for representing the Committee in the Debtors' cases with any other person or entity, except among its members.

25. The Committee believes that its employment of S&P in the Debtor's cases upon the terms and conditions set forth above is in the best interests of the Committee and the creditors of the Debtors' estates.

## CONCLUSION

Based on the foregoing, the Committee respectfully requests that it be authorized to employ S&P in the Debtors' cases as conflicts counsel, upon the terms set forth in this Application.

DATED this __17__ day of May, 2018.

By: **Darrell Horton** *(Digitally signed by Darrell Horton, DN: cn=Darrell Horton, o=Aristocrat, ou=Global Director of Credit and A/R, email=darrell.horton@aristocrat.com, c=US, Date: 2018.05.18 15:11:47 +12'00')*

Darrell Horton, Chairperson of the Official Committee of Unsecured Creditors

Filed by:
**KOLESAR & LEATHAM**

*/s/ James Patrick Shea*

James Patrick Shea (Nev. Bar No. 000405)
400 S. Rampart Blvd., Suite 400
Las Vegas, NV 89145
Telephone: 702-362-7800
Facsimile: 702-362-9472
Email: jshea@klnevada.com

-and-

**LEVENE, NEALE, BENDER,
YOO & BRILL L.L.P.**
Eve H. Karasik, Esq.
John-Patrick M. Fritz, Esq.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
EHK@LNBYB.COM; JPF@LNBYB.COM

*Attorneys for the Official Committee of Unsecured Creditors*

# EXHIBIT A

# [PROPOSED ORDER]

JAMES PATRICK SHEA (Nev. State Bar No. 000405)
ARMSTRONG TEASDALE LLP
3770 Howard Hughes Parkway, Suite 200
Las Vegas, NV 89169
Telephone:  702-678-5070
Facsimile:   702-878-9995
Email: JSHEA@ARMSTRONGTEASDALE.COM

EVE H. KARASIK (*Pro Hac Vice* Pending)
JOHN-PATRICK M. FRITZ (*Pro Hac Vice* Pending)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone:  (310) 229-1234
Facsimile:   (310) 229-1244
Email: EHK@LNBYB.COM; JPF@LNBYB.COM

Attorneys for The Official Committee of Unsecured Creditors

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re: | Case No.: BK-S-18-10792-LEB |
| Lucky Dragon Hotel & Casino, LLC, | Chapter 11 |
| Debtor, | Jointly Administered with:<br>Case No.:  BK-S-18-10850-LEB |
| In re: | |
| Lucky Dragon LP, | Hearing Date: June 26, 2018<br>Hearing Time: 9:30 a.m.<br>Place: Courtroom 3 |
| Debtor. | 300 Las Vegas Boulevard South<br>Las Vegas, NV 89101 |

1

**ORDER UNDER 11 U.S.C. §§ 327(A), 330, 331 AND 1103(A) AUTHORIZING THE EMPLOYMENT OF SYLVESTER & POLEDNAK LTD. AS CONFLICTS COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

The Court, having considered that certain *Application for Order Pursuant to 11 U.S.C. §§ 327(a), 330, 331 and 1103(a) Authorizing the Employment of Sylvester & Polednak LTD. as Conflicts Counsel to the Official Committee of Unsecured Creditors* (the "Application"), and the Declaration of Jeffrey Sylvester filed in support of the Application (the "Sylvester Declaration"), and the Court being satisfied with the representations made in the Application and Sylvester Declaration that Sylvester & Polednak LTD ("S&P") is a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code, and having found good and sufficient cause for the Application and that appropriate notice of the Application was provided, and based upon the findings set forth on the record at the hearing on the Application, it is hereby:

**ORDERED** that the Application is granted and the Official Committee of Unsecured Creditors ("Committee") appointed in the above-captioned, jointly-administered bankruptcy cases is authorized to employ S&P as conflicts counsel for the Committee upon the terms and conditions set forth in the Application.

**IT IS SO ORDERED.**

Submitted by:
**ARMSTRONG TEASDALE LLP**

*/s/ James Patrick Shea*
James Patrick Shea (Nev. Bar No. 000405)
3770 Howard Hughes Parkway, Suite 200
Las Vegas, NV 89169
Telephone:  702-678-5070
Facsimile:   702-878-9995
JSHEA@ARMSTRONGTEASDALE.COM
-and-
**LEVENE, NEALE, BENDER,
YOO & BRILL L.L.P.**
Eve H. Karasik, Esq.
John-Patrick M. Fritz, Esq.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
EHK@LNBYB.COM; JPF@LNBYB.COM

*Attorneys for the Official Committee of Unsecured Creditors*

# EXHIBIT B

# [DECLARATION OF JEFFREY SYLVESTER]

I, Jeffrey Sylvester, hereby declare as follows:

1. Except where otherwise indicated, the statements made herein are of my own personal knowledge, and if called upon to testify, I could and would competently testify to their truth.

2. I am a partner in the law firm of Sylvester & Polednak Ltd.("S&P"), proposed conflicts counsel for the Official Committee of Unsecured Creditors (the "Committee") in the bankruptcy case of Lucky Dragon, LP and Lucky Dragon Hotel & Casino, LLC (collectively, the "Debtors"), the debtors and debtors in possession in the above-captioned, jointly administered bankruptcy cases.

3. I make this declaration in support of the Application to employ S&P as conflicts counsel for the Committee in the Debtors' cases. Unless otherwise stated, all capitalized terms herein have the same meanings as in the Application.

4. The Committee has selected S&P because S&P has the necessary experience in reorganization matters, including matters related to the gaming industry, and is qualified to represent the Committee in the Debtors' cases.

5. The professional services that S&P will render to the Committee in connection with the Debtor's case will be for discrete matters to the extent that it is necessary and/or appropriate for the Committee to rely on counsel other than LNBYB or K&L, whether by reason of potential conflict of interests concerns or otherwise. .

6. S&P's professionals possess considerable experience in providing clients with the scope of services it anticipates providing to the Committee in connection with the Debtors' cases.

7. S&P is compromised of attorneys who specialize in insolvency work, and specifically in representing creditors in bankruptcy cases. The Committee expects that I will be the primary attorney at S&P responsible for representing the Committee in the Debtors' cases as discussed in the Application. I have considerable experience in representing creditors and debtors in bankruptcies similar to the Debtors' cases. A copy of my resume is attached hereto as **Exhibit 1** and is incorporated herein by reference.

8. S&P's compensation will be calculated based upon S&P's standard hourly billing rates, which are as follows:

| | |
|---|---|
| Jeffrey Sylvester, Esq. | $450.00 per hour |
| Donald T. Polednak, Esq. | $450.00 per hour |
| Allyson R. Noto, Esq. | $400.00 per hour |
| Kelly Schmitt, Esq. | $300.00 per hour |
| Matthew T. Kneeland, Esq. | $300.00 per hour |

9. S&P has not received a retainer for services to be rendered in this case. S&P will seek Court authority to be paid for any and all fees incurred and expenses advanced by S&P. S&P is seeking to be paid pursuant to those procedures approved by the Court and set forth in that certain *Motion For Approval Of Interim Compensation For Services Rendered And Expenses Incurred Of Schwartz Flansburg PLLC As Attorneys For Debtors-In-Possession* filed by the Debtors on February 27, 2018 [Docket No. 70, BK-S-18-10792-LED] and the order thereon entered on April 2, 2018. [Docket No. 70, BK-S-18-10792-LED].

10. In addition to filing interim fee applications under the foregoing procedures, S&P shall final applications for payment of fees and reimbursement of expenses in accordance with the Bankruptcy Code, applicable federal and local bankruptcy rules and the Guidelines of the United States Trustee.

11. S&P will bill its time for its representation of the Committee in the Debtors' cases on an hourly billing basis in accordance with S&P's standard hourly billing rates set forth above. S&P will seek reimbursement of expenses in accordance with the rates set forth in the guidelines previously promulgated by the OUST.

12. S&P has represented other creditors and debtors in cases before the United States Bankruptcy Court for the District of Nevada.

13. S&P will provide monthly billing statements to the Committee that will set forth the amount of fees incurred and expenses advanced by S&P during the previous month.

14. S&P understands the provisions of 11 U.S.C. Sections 327, 330 and 331 which require, among other things, Court approval of the Committee's employment of S&P in the Debtors' cases as conflicts counsel and of all legal fees and reimbursement of expenses that S&P

2

will receive from the Debtors' estates.

15. To the best of my knowledge, S&P does not hold or represent any interest adverse to the Committee, the creditors herein or the bankruptcy estates, and S&P is a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code.

16. S&P is not a creditor, an equity security holder or an insider of either of the Debtors.

17. S&P does not have any previous connection with any insider of the Debtors or any insider of an insider of the Debtors.

18. S&P is not and was not an investment banker for any outstanding security of either of the Debtors. S&P has not been within three years before the Debtors' bankruptcy filings an investment banker for a security of either of the Debtors, or an attorney for such an investment banker in connection with the offer, sale or issuance of any security of either of the Debtors

19. Neither S&P nor any member of S&P is, nor was, within two years before the Debtors' bankruptcy filings, a director, officer or employee of either of the Debtors or of any investment banker for any security of either of the Debtors.

20. To the best of my knowledge, S&P does not hold or represent any interest materially adverse to the interest of either of the Debtors' estates, or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, either of the Debtors or an investment banker for any security of either of the Debtors, or for any other reason.

21. To the best of my knowledge, other than as set forth herein, S&P has no prior connection with either of the Debtors, any creditors of either of the Debtors or their estates, or any other party in interest in these cases, or their respective attorneys or accountants, the United States Trustee or any person employed by the United States Trustee.

///

///

///

22. S&P has not shared or agreed to share its compensation for representing the Committee with any other person or entity, except among its members.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this ___ day of May 2018 at Las Vegas, Nevada.

_____
JEFFREY SYLVESTER

4

# Exhibit "1"
## (Sylvester resume)

https://sylvesterpolednak.com/attorney-profiles/jeffrey-r-sylvester/

Jeffrey R. Sylvester

Mr. Sylvester is a founding partner and is AV® Preeminent™ Peer Review Rated by Martindale-Hubbell®. He is a native of Las Vegas and has practiced in Nevada since 1991. He has earned the reputation of effectively representing the firm's clients in all facets of complex litigation, with an emphasis in commercial litigation, eminent domain, creditor bankruptcy, unlawful detainer, and real estate related litigation.

Practice Areas
•Credit Rights in Bankruptcy
•Commercial Litigation and Transactions
•Eminent Domain
•Civil Litigation

Bar Admissions
•Nevada, 1991
•United States Supreme Court, 2016

Honors
•AV® Preeminent™ Peer Review Rated by Martindale-Hubbell® •Mountain States Super Lawyers®, Bankruptcy (2013) •Mountain States Super Lawyers®, Bankruptcy (2014) •Mountain States Super Lawyers®, Bankruptcy (2015) •Mountain States Super Lawyers®, Business Litigation (2016) •Mountain States Super Lawyers®, Business Litigation (2017)

Education
•J.D., cum laude, Thomas M. Cooley School of Law, 1991 •B.A., University of Nevada at Reno, 1987

Professional Associations
•Clark County Bar Association
•American Bar Association
•Nevada Trial Lawyers Association