_____
Honorable Laurel E. Babero
United States Bankruptcy Judge

Entered on Docket
September 25, 2018

Bob L. Olson (NV Bar No. 3783)
Nathan G. Kanute (NV Bar No. 12413)
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 100
Las Vegas, NV 89169
Telephone: (702) 784-5200
Facsimile: (702) 784-5252
Email:  bolson@swlaw.com
        nkanute@swlaw.com
*Attorneys for Snow Covered Capital, LLC*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| In Re: | Case No. 18-10792-leb |
|---|---|
| LUCKY DRAGON HOTEL & CASINO, LLC, | Lead Case |
| | Chapter 11 |
| Debtor. | |
| LUCKY DRAGON, LP, | Jointly Administered with: Case No. 18-10850-leb |
| Debtor. | |
| | **ORDER GRANTING SNOW COVERED CAPITAL, LLC'S RENEWED MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR, ALTERNATIVELY, FOR ADEQUATE PROTECTION** |
| | **Hearing Date:** September 20, 2018<br>**Hearing Time:** 9:30 a.m.<br>**Hearing Location:**<br>   United States Bankruptcy Court<br>   Foley Federal Building, Courtroom No. 3<br>   300 Las Vegas Blvd South, Third Floor<br>   Las Vegas, Nevada 89101 |

4821-9477-8227

The Court having reviewed Snow Covered Capital, LLC's *Renewed Motion for Relief from the Automatic Stay* (the "Motion") [ECF No. 508] filed June 15, 2018; the Court having considered the Motion and papers filed in support of and in opposition to the Motion along with the withdrawals of the oppositions; the Court having heard the arguments of counsel and sufficient evidence being set forth at the hearing or on the record; Snow Covered Capital, LLC ("SCC") having requested that Lucky Dragon Hotel & Casino, LLC ("LLC") and Lucky Dragon, LP ("LP" jointly with LLC, the "Debtors") (a) cooperate with any efforts of SCC to obtain insurance for the Real Property and the LP Personal Property Collateral, (b) cooperate with any receiver appointed for the Real Property, SCC and/or its designee to transfer all utilities, insurance policies and other necessary items in order to prevent waste to the Real Property, (c) deliver to SCC all keys, pass codes and other items and information required to access the Real Property, (d) ensure that there are not any guests, occupants, licensees or other persons on the Real Property when closed by Debtors, and (e) return all personal property owned by persons other than the Debtors and the LP Personal Property Collateral to the rightful owner(s) thereof; Debtors, in response to the foregoing requests, having stated on the record that they understand that they have fiduciary duties and that they intend to comply with those duties; and good cause appearing therefor;

**IT IS HEREBY ORDERED** the objection by the Official Committee of Unsecured Creditors is overruled, the objection by the CenturyLink Entities (as defined below) is resolved by agreement, the joinder by the PDS Entities (as defined below) is resolved by agreement, and the Motion is **GRANTED**.

**IT IS FURTHER ORDERED** that the automatic stay of 11 U.S.C. § 362(a) is terminated effective immediately to allow (i) SCC to exercise all of its rights and remedies against the real property located at 300 W. Sahara Ave., Las Vegas, Nevada, Assessor's Parcel Number 162-04-816-001 (the "Real Property") and all personal property collateral pledged to Snow Covered Capital ("SCC") described in the UCC Financing Statement attached hereto as **Exhibit "1"** (the "LP Personal Property Collateral") by Lucky Dragon, LP ("LP"), including without limitation, concluding all pending foreclosure sales of the Real Property and the LP Personal Property

4821-9477-8227

Collateral, seeking the immediate appointment of a receiver on an *ex parte* basis to safeguard, preserve and protect the Real Property and the LP Personal Property Collateral, liquidating all LP Personal Property Collateral (other than the CenturyLink Property (as defined below)); (ii) the CenturyLink Entities to preserve, protect, remove from the Real Property, and to re-lease or otherwise dispose of, all CenturyLink Property; and (iii) the PDS Entities to preserve, protect, remove from the Real Property, and to re-lease or otherwise dispose of, all PDS Property.

**IT IS FURTHER ORDERED** that nothing contained in this Order shall terminate the automatic stay against Debtor Lucky Dragon Hotel & Casino, LLC ("LLC") or any assets of LLC.

**IT IS FURTHER ORDERED** that the Court is not making a finding of value of the Real Property or the LP Personal Property Collateral in this Order.

**IT IS FURTHER ORDERED** that the Debtors shall not take any actions that will diminish the value of the Real Property, the CenturyLink Property, the PDS Property, or the LP Personal Property Collateral, remove any of the LP Personal Property Collateral, the PDS Property, or CenturyLink Property from the Real Property, or remove any personal property from the Real Property that LLC does not own.

**IT IS FURTHER ORDERED** that the Debtors shall reasonably cooperate, during regular business hours and at mutually-convenient times, with (i) any receiver that SCC may have appointed for the Real Property to peaceably surrender the Real Property and Personal Property to such receiver on October 2, 2018; (ii) the CenturyLink Entities and their agents, contractors, or representatives to peaceably surrender possession and control to the CenturyLink Entities of all property leased by the CenturyLink Entities that is located on the Real Property or at 3100 W. Sahara Avenue in Las Vegas, Nevada (the "CenturyLink Property"); and (iii) the PDS Entities and their agents, contractors, or representatives to peaceably surrender possession and control to the PDS Entities of all property leased by the PDS Entities that is located on the Real Property (the "PDS Property").

**IT IS FURTHER ORDERED** that the Debtors shall reasonably cooperate with SCC, the PDS Entities, and the CenturyLink Entities in order to avoid any loss or diminution of value of

4821-9477-8227

the Real Property, the CenturyLink Property, the PDS Property, and LP Personal Property Collateral.

**IT IS FURTHER ORDERED** that based on the joinder to the Motion, the request for relief in response to the Motion, and the oral motions at the hearing, the automatic stay is hereby terminated with respect to the equipment or other property of PDS Gaming LLC and PDS Acquisition, LP (together the "PDS Entities"); and CenturyLink Communications, LLC f/k/a Qwest Communications Company, LLC ("CCLLC"); Savvis Communications Corporation d/b/a CenturyLink TS, including its successors, assigns, and affiliates ("Savvis"); and Central Telephone Company – Nevada d/b/a Century Link – Nevada d/b/a CenturyLink (together with CCLLC and Savvis, the "CenturyLink Entities").

**IT IS FURTHER ORDERED** that, notwithstanding any other provision of this Order, SCC shall not interfere with the CenturyLink Entities', or their agents, contractors, or representatives', ability to obtain access to the CenturyLink Property so that the CenturyLink Entities may preserve, protect, and remove the CenturyLink Property from the Real Property.

**IT IS FURTHER ORDERED** that all stays of enforcement of this Order, including those stays of enforcement contained in Federal Rules of Bankruptcy Procedure 4001(a)(3) and 6004(h) are waived and this Order is immediately effective upon entry of this Order by the Court.

**IT IS FURTHER ORDERED** that the Court shall retain jurisdiction over any dispute relating to the interpretation or implementation of this Order.

**IT IS SO ORDERED**.

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

___ The court has waived the requirement set forth in LR 9021(b)(1).

___ No party appeared at the hearing or filed an objection to the motion.

_X_ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document]:

___ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order

| **Approved /** ~~**Disapproved / Failed to Respond**~~ | **Approved /** ~~**Disapproved / Failed to Respond**~~ |
|---|---|
| BROWNSTEIN HYATT FARBER SCHRECK, LLP<br><br>By:  /s/ Samuel A. Schwartz<br>    Samuel A. Schwartz, Esq.<br>    100 North City Parkway, Suite 1600<br>    Las Vegas, NV 89106<br>    *Counsel for Debtors* | LEVENE, NEALE, BENDER, YOO & BRILL, LLP<br><br>By:   /s/ Eve H. Karasik<br>    Eve H. Karasik, Esq.<br>    10250 Constellation Blvd., Suite 1700<br>    Los Angeles, CA  90067<br>    *Counsel for The Official Committee of Unsecured Creditors* |
| **Approved /** ~~**Disapproved / Failed to Respond**~~ | **Approved /** ~~**Disapproved / Failed to Respond**~~ |
| OFFICE OF U.S. TRUSTEE<br><br>By:   /s/ Edward M. McDonald<br>    Edward M. McDonald, Esq.<br>    300 Las Vegas Blvd., So., Suite 4300<br>    Las Vegas, NV 89101<br>    *Counsel for U.S. Trustee – LV – 11* | HOLLEY DRIGGS WALCH FINE WRAY PUZEY & THOMPSON<br><br>By:   /s/ Richard F. Holley<br>    Richard F. Holley, Esq.<br>    400 South Fourth Street, Third Floor<br>    Las Vegas, NV 89101<br>    *Counsel for the PDS Entities* |
| **Approved /** ~~**Disapproved / Failed to Respond**~~ | **Approved /** ~~**Disapproved / Failed to Respond**~~ |
| TIFFANY & BOSCO<br><br>By: /s/ Jason C. Kolbe<br>    Jason C. Kolbe, Esq.<br>    10100 W. Charleston Blvd., Suite 220<br>    Las Vegas, NV 89135<br>    *Counsel for CenturyLink Entities* | MUSHKIN CICA COPPEDGE<br><br>By:  /s/ Dawn M. Cica<br>    Dawn M. Cica, Esq.<br>    4495 S. Pecos Rd.<br>    Las Vegas, NV 89121<br>    *Conflicts Counsel for Debtors* |

Respectfully submitted,

SNELL & WILMER L.L.P.


       /s/ Nathan G. Kanute
Bob L. Olson (NV Bar No. 3783)
Nathan G. Kanute (NV Bar No. 12413)
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169
Telephone: (702) 784-5200
Facsimile:  (702) 784-5252
*Attorneys for Snow Covered Capital, LLC*

###

4821-9477-8227

# EXHIBIT 1

# EXHIBIT 1

**UCC FINANCING STATEMENT**
FOLLOW INSTRUCTIONS

A. NAME & PHONE OF CONTACT AT FILER (optional)
LISA SIFENTES

B. E-MAIL CONTACT AT FILER (optional)

C. SEND ACKNOWLEDGMENT TO: (Name and Address)
SNELL & WILMER
3883 HOWARD HUGHES PKWY
SUITE 1100
LAS VEGAS, NV 89169

Filed in the office of
Barbara K. Cegavske
Secretary of State
State of Nevada

Document Number: 2016012602-5
Filing Date and Time: 05/04/2016 2:36 PM

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S NAME:
   1a. ORGANIZATION'S NAME: LUCKY DRAGON, LP
   1c. MAILING ADDRESS: 200 W. SAHARA AVENUE, SUITE 4001
   CITY: LAS VEGAS    STATE: NV    POSTAL CODE: 89102

2. DEBTOR'S NAME: (blank)

3. SECURED PARTY'S NAME
   3a. ORGANIZATION'S NAME: SNOW COVERED CAPITAL, LLC
   3c. MAILING ADDRESS: P.O. BOX 472218
   CITY: SAN FRANCISCO    STATE: CA    POSTAL CODE: 94147

4. COLLATERAL: This financing statement covers the following collateral:

SEE SCHEDULE I ATTACHED HERETO AND INCORPORATED HEREIN BY REFERENCE.

5. Check only if applicable and check only one box: Collateral is [ ] held in a Trust [ ] being administered by a Decedent's Personal Representative
6a. [ ] Public-Finance Transaction  [ ] Manufactured-Home Transaction  [ ] A Debtor is a Transmitting Utility
6b. [ ] Agricultural Lien  [ ] Non-UCC Filing
7. ALTERNATIVE DESIGNATION (if applicable): [ ] Lessee/Lessor  [ ] Consignee/Consignor  [ ] Seller/Buyer  [ ] Bailee/Bailor  [ ] Licensee/Licensor
8. OPTIONAL FILER REFERENCE DATA:

International Association of Commercial Administrators (IACA)
FILING OFFICE COPY — UCC FINANCING STATEMENT (Form UCC1) (Rev. 04/20/11)

SCHEDULE 1

Financing Statement (continued)
Name of Debtor: Lucky Dragon, LP

*Item No. 4:*

All of the following to the extent of Debtor's right, title and interest now or hereafter acquired in and to:

**(a)** All personal property, including all goods, supplies, equipment, furniture, furnishings, fixtures, machinery, inventory and construction materials which Debtor now or hereafter owns or in which Debtor now or hereafter acquires an interest or right, including those which are now or hereafter located on or affixed to the Premises or used or useful in the operation, use or occupancy thereof or the construction of any improvements thereon, including any interest of Debtor in and to personal property which is leased or subject to any superior security interest, and all books, records, leases and other documents, of whatever kind or character, relating to the Premises;

**(b)** All fees, income, rents, issues, profits, earnings, receipts, royalties and revenues which, after the date hereof and while any portion of the indebtedness secured hereby remains unpaid, may accrue from said goods, fixtures, furnishings, equipment and building materials or any part thereof or from the Premises or any part thereof, or which may be received or receivable by Debtor from any hiring, using, letting, leasing, subhiring, subletting, or subleasing thereof;

**(c)** All of Debtor's present and future rights to receive payments of money, services or property, including rights to all deposits from tenants of the Premises, rights to receive capital contributions from Debtor's partners, amounts payable on account of the sale of partnership interests in Debtor, accounts receivable, deposit accounts, chattel paper, notes, drafts, contract rights, instruments, general intangibles and principal, interest and payments due on account of goods sold, services rendered, loans made or credit extended, together with title or interest in all documents evidencing or securing the same;

**(d)** All other intangible property and rights relating to the Premises or the operation thereof, or used in connection therewith, including all governmental permits relating to construction or other activities on the Premises, all names under or by which the Premises may at any time be operated or known, all rights to carry on business under any such names, or any variant thereof, all trade names and trademarks relating in any way to the Premises, good will in any way relating to the Premises, and all licenses and permits relating in any way to, or to the operation of, the Premises;

1

23830209.1

  **(e)**  All proceeds from sale or disposition of the aforesaid collateral;

  **(f)**  Debtor's rights under all insurance policies covering the Premises or any of the aforesaid collateral, and all proceeds, loss payments and premium refunds payable regarding the same;

  **(g)**  All reserves, deferred payments, deposits, refunds, cost savings and payments of any kind relating to the construction of any improvements on the Premises;

  **(h)**  All water stock relating to the Premises;

  **(i)**  All causes of action, claims, compensation and recoveries for any damage to or condemnation or taking of the Premises or the aforesaid collateral, or for any conveyance in lieu thereof, whether direct or consequential, or for any damage or injury to the Premises or the aforesaid collateral, or for any loss or diminution in value of the Premises or the aforesaid collateral;

  **(j)**  All architectural, structural, mechanical and engineering plans and specifications prepared for construction of improvements or extraction of minerals or gravel from the Premises and all studies, data and drawings related thereto; and also all contracts and agreements of Debtor relating to the aforesaid plans and specifications or to the aforesaid studies, data and drawings or to the construction of improvements on or extraction of minerals or gravel from the Premises;

  **(k)**  All Debtor's rights in proceeds of the Loans evidenced by the Notes (as defined in the Loan Agreement);

  **(l)**  all present and future deposit accounts of Debtor held with Secured Party, including, without limitation, any demand, time, savings, passbook or like accounts maintained by Debtor with Secured Party, and all money, funds, instruments, securities, cash, cash equivalents and all other property of any nature whatsoever held with Secured Party, whether or not deposited in any such deposit account.

  **(m)**  without limiting any of the foregoing, any or all other present or future "fixtures," "equipment," "software," "inventory," "goods," "general intangibles," "payment intangibles," "commercial tort claims," "accounts," "contract rights," "instruments," "promissory notes," "investment property," "letter of credit rights," "letters of credit," "deposit accounts" and "documents" (as such quoted terms are defined in or encompassed by the Nevada Uniform Commercial Code, as now or hereafter amended) located on, used in the operation of, arising or derived from or in way relating to the Premises; and

  **(n)**  all proceeds of the foregoing.

2

23830209.1

All terms used herein which are defined in the Nevada Uniform Commercial Code (as now or hereafter amended) or the Deed of Trust (as defined below) shall have the same meanings when used herein, unless the context requires otherwise.

The foregoing personal property shall not include any Gaming Assets or any personal property subject to liens, security interests and encumbrances in favor of a third party lessor or other financing party to the extent such liens, security interests and encumbrances constitute Permitted Encumbrances (as defined in the Loan Agreement).

Concurrently with signing this financing statement, Debtor, as trustor, is executing for the benefit of Secured Party, as beneficiary, a Construction Deed of Trust (With Assignment of Leases and Rents, Security Agreement and Fixture Filing) (the "**Deed of Trust**"), encumbering certain property as therein described. The filing of this financing statement shall not be construed to derogate from or impair the lien or provisions of the Deed of Trust with respect to any property described in it which is real property. The intention of Debtor and Secured Party is that everything used in connection with the production of income from that real property, or adapted for use in or on it is, and at all times and for all purposes and in all proceedings, both legal and equitable, shall be regarded as, real property and part of the real property encumbered by the Deed of Trust, regardless of whether or not the same is physically attached to the Improvements. Similarly, nothing in this financing statement shall be construed to alter any of the rights of Secured Party as determined by the Deed of Trust or the priority of Secured Party's lien thereby created. This financing statement is declared to be for the protection of Secured Party in the event any court shall at any time hold that notice of Secured Party's priority of interest in any property or interests described in the Deed of Trust must, in order to be effective against a particular class of persons, including, but not limited to, the United States Government or any of its agencies, be filed in the office where this financing statement is filed.

3

23830209.1

Case 18-10792-mkn    Doc 860    Entered 09/25/18 14:04:22    Page 11 of 11

# EXHIBIT A
## DESCRIPTION OF LAND

That certain real property located in the County of Clark, State of Nevada and more particularly described as follows:

Lot One (1) of Final Map of Lucky Dragon (a Commercial Subdivision) as shown by map thereof on file in Book 149 of Plats, Page 24, in the Office of the County Recorder of Clark County, Nevada.

23830209.1

1