ROBERT E. ATKINSON, ESQ., Bar No. 9958
Email: robert@nv-lawfirm.com
**ATKINSON LAW ASSOCIATES LTD.**
376 E Warm Springs Rd Suite 130
Las Vegas, NV 89119
Telephone:  (702) 614-0600
Facsimile:  (702) 614-0647
*Attorney for Brian D. Shapiro, Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>LUCKY DRAGON HOTEL & CASINO, LLC<br><br>Debtor. | Case No. 18-10792-mkn<br>Chapter 7<br><br>**APPLICATION: (I) TO EMPLOY JACKSON LEWIS P.C. AS SPECIAL COUNSEL REGARDING EMPLOYMENT DISCRIMINATION CLAIMS, NUNC PRO TUNC TO THE PETITION DATE; AND (II) FOR COMPENSATION OF PROFESSIONAL, TO BE REMITTED BY TRAVELERS INSURANCE**<br><br>Hearing Date:   October 30, 2019<br>Hearing Time:  2:30 p.m. |

BRIAN D. SHAPIRO ("*Trustee*"), the chapter 7 trustee of the above-captioned bankruptcy estate, hereby moves this Court for an order authorizing the employment of Jackson Lewis P.C. ("*Jackson Lewis*") as his special counsel in this bankruptcy case, for defending certain pre-conversion employment discrimination claims.  Approval of compensation for Jackson Lewis for their work is also sought.  **The attorney's fees sought to be approved herein are to be remitted directly to Jackson Lewis by Travelers Insurance**.

This application is based on the papers and pleadings on file in this case, the Declaration of Brian D. Shapiro ("*Shapiro Decl.*") filed contemporaneously herewith, and

-1-

the Verified Statement and Declaration of Deverie J. Christensen, Esq. ("*Christensen Decl.*") filed contemporaneously herewith.

### I.    BACKGROUND

1.    Pre-petition, debtor Lucky Dragon Hotel & Casino, LLC ("*Lucky Dragon*" or "*Debtor*") had employment practices liability insurance. The carrier was Travelers Insurance ("*Travelers*"). [Christensen Decl. at ¶ 3.]

2.    Also pre-petition, five individual employees of Lucky Dragon filed (with the Nevada Equal Rights Commission, "NERC", or the United. States. Equal Employment Opportunity Commission, "EEOC") or asserted (through a lawyer) various employment practices claims, such as age discrimination, race discrimination, or improper retaliatory acts by an employer (collectively, the "*Employment Claims*"). [Id.]

3.    Travelers arranged to retain Jackson Lewis to defend Lucky Dragon against the claims. Jackson Lewis began representing Lucky Dragon to defend against the Employment Claims. [Id.]

4.    On February 16, 2018 ("*Petition Date*"), Debtors filed a voluntary petition for Chapter 11 bankruptcy relief in this district, commencing this case. [DE #1.]

5.    The case was converted to chapter 7, and on November 29, 2018, Brian D. Shapiro was appointed as chapter 7 trustee of this bankruptcy estate. [DE #1019.]

6.    Jackson Lewis has been continually working on the Employment Claims since mid-2017. On September 25, 2019, the paperwork on the last of the Employment Claims was confirmed completed. Jackson Lewis successfully defended all of the Employment Claims, resulting in "no cause findings" (meaning that NERC and the EEOC did not find cause to believe there was discrimination, harassment, or retaliation against the former employees), and thereby saving Lucky Dragon from being subject to administrative determinations leading to conciliation demands that could easily have run over a hundred thousand dollars *per claim* given the damages cap for Title VII claims is $300,000 for large employers, or further litigation. [Christensen Decl. at ¶ 4.]

7. Jackson Lewis was notified by Travelers that Travelers would require a bankruptcy court order approving the employment of Jackson Lewis and the disbursement by Travelers of the firm's attorney's fees and costs incurred in defense of the Employment Claims. Jackson Lewis contracted the Trustee's counsel, and the Trustee agreed to file this Application [Christensen Decl. at ¶ 5.]

8. Subject to Court approval in accordance with 11 U.S.C. §327(e), Fed. R. Bankr. P. 2014, and LR 2014, the Trustee believes it to be appropriate to employ Jackson Lewis as special counsel in this case to handle the Employment Claims, *nunc pro tunc* to the Petition Date. [Trustee's Decl. at ¶ 3.]

## II. THE FIRM

9. Jackson Lewis is a national law firm primarily practicing management-side labor and employment law, with over 900 attorneys and 60 offices, including in Las Vegas. [Christensen Decl. at ¶ 1.]

10. To the best of the Trustee's knowledge, other than what may be identified in the Christensen Declaration, Jackson Lewis does not have any connection with the Debtor, the creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee. [Trustee's Decl. at ¶ 4.]

11. The Trustee believes that Jackson Lewis's representation was not and will not be adverse to the Debtor, or to the estate with respect to the matters for which Jackson Lewis is to be employed. [Id. at ¶ 5.]

12. Jackson Lewis:
   a. Is not adverse to the Debtor and does not hold an interest adverse to this bankruptcy estate;
   b. Is disinterested within the meaning of Section 101(14) of the Bankruptcy Code in that Jackson Lewis (inclusive of its attorneys):
      i. Is not a creditor, an equity security holder, or an insider of the Debtor;

    ii. Is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the Debtor;

    iii. Does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason;

  c. Does not have any connection with the Debtor, the creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, except as follows:

- Jackson Lewis has unrelated relationships with a small number of the creditors for unrelated legal services. Specifically, as a national labor and employment law firm, Jackson Lewis has relationships with some of the creditors to provide them with legal services in defense of employment law claims or related matters raised by their own employees; however, such matters are entirely unrelated to Lucky Dragon, and do not create a conflict in Jackson Lewis' defense of Lucky Dragon in response to the Employment Claims raised by its own employees, nor do they create an interest adverse to the Debtor or to the bankruptcy estate.

[Christensen Decl. at ¶¶ 7-9.]

### III. LEGAL AUTHORITIES and TERMS OF EMPLOYMENT

  13. Pursuant to 11 U.S.C. § 327(e), the Trustee, with the Court's approval, may employ, for a specified special purpose, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

-4-

14. Jackson Lewis did work for the Debtor on the Employment Claims prior to the bankruptcy Petition Date, but did not work for the Debtor in any other capacity.

15. If the Employment Claims had not been defended, the NERC and EEOC likely would have found 'cause' to support the employees' allegations of discrimination, harassment, or retaliation, and then each claimant would likely have had a sizeable claim against the Debtor. Undefended employment claims before the NERC and EEOC are substantially likely to result in a 'cause' finding based on the evidence presented by the employee, without rebuttal or explanation from the employer; and, if the event of a 'cause' finding, the NERC and EEOC conduct a conciliation process which often includes a six-figure monetary settlement demand for large employers, given the $300,000 damages cap under Title VII, along with other non-monetary demands (e.g., training, policy revisions, removal of disciplinary or termination documents, reinstatement of employment, etc.). [Christensen Decl. at ¶ 10.]

16. As a result, the work performed by Jackson Lewis for the Debtor was of significant benefit to the estate, by reducing the overall claims pool.

17. As noted above, Jackson Lewis does not represent or hold any interest adverse to the Debtor, or to the estate with respect to the matter on which such attorney is to be employed.

18. Accordingly, authorization of employment of Jackson Lewis under Section 327(e) is permissible.

### IV.   TERMS OF EMPLOYMENT and WORK PERFORMED

19. The work performed for Lucky Dragon was performed by Jackson Lewis at the discounted rates charged to Travelers. The rates for the primary staff are:

- Deverie J. Christensen, Esq. - $245/hour
- Dion Wrenn, Esq. - $210/hour
- Emily Santiago - $90/hour

No expenses/costs were billed.

20. In the Trustee's business judgment: (i) the attorney's fees and costs were reasonably incurred and necessary for and produced benefits the benefit of the bankruptcy estate; and (ii) the hourly rates charged by Jackson Lewis are reasonable. [Trustee's Decl. at ¶ 6.]

21. The total fees sought by Jackson Lewis for work performed are $23,886.50 ("*Fees*"). This amount is supported by the invoices attached to the Christensen Declaration. The invoices are for the work performed for Lucky Dragon on the Employment Claims. [Christensen Decl. at ¶ 11.]

22. Although the Fees are to be remitted by a third party (Travelers), Jackson Lewis is being paid as a professional of the estate and thus the Trustee requests that the amount be deemed a disbursement for the purposes of 11 U.S.C. § 326.

### V. NUNC PRO TUNC EMPLOYMENT

23. Pursuant to 11 U.S.C. § 327 and Bankruptcy Rule 2014, trustee's counsel typically cannot recover fees for services rendered to an estate unless the firm's employment has been authorized by the Bankruptcy Court. Bankruptcy courts in the Ninth Circuit, however, possess the equitable power to retroactively approve a professional's valuable but unauthorized services. In re Atkins, 69 F.3d 970, 973 (9th Cir.1995). In Atkins, the Ninth Circuit noted there are a number of factors that a bankruptcy court can consider in determining whether *nunc pro tunc* approval of professional employment should be authorized. At a minimum, the subject professionals "must (1) satisfactorily explain their failure to receive prior judicial approval [of their employment]; and (2) demonstrate that their services benefitted the bankruptcy estate in a significant manner." In re Atkins, 69 F.3d at 974 and 975–76, citing Halperin v. Occidental Fin. Grp., Inc. (In re Occidental Fin. Grp., Inc.), 40 F.3d 1059, 1062 (9th Cir.1994); and Okamoto v. THC Fin. Corp. (In re THC Fin. Corp.), 837 F.2d 389, 392 (9th Cir.1988).

24. In this case, Jackson Lewis had been retained, pre-petition, by Travelers to represent Lucky Dragon to defend against these employment claims. Jackson Lewis was

unaware until recently that Travelers requested a bankruptcy court order prior to paying Jackson Lewis' invoice. [Christensen Decl. at ¶ 12.]

25. The Trustee only very recently discovered that Jackson Lewis had been representing the Debtor, both pre-and post-petition, to defend against the Employment Claims, or that the Employment Claims even existed. None of the Employment Claims were scheduled claims in the Debtor's schedules. [Trustee's Decl. at ¶ 7.]

26. As noted above, the elimination of the Employment Claims from the creditor pool was of significant financial benefit for the estate and its existing allowed claims.

27. Accordingly, authorization of employment of Jackson Lewis *nunc pro tunc* to the Petition Date is permissible.

## VI.  RELIEF REQUESTED

28. The Trustee respectfully requests that the Court enter an order whereby:

   a. Pursuant to 11 U.S.C. § 327(e), the Trustee be authorized to employ Jackson Lewis as his special counsel to render the specified legal services in the above-captioned bankruptcy case, effective *nunc pro tunc* to the Petition Date;

   b. Pursuant to 11 U.S.C. § 330, determining that the $23,886.50 in Fees are reasonable, and approving the Fees

   c. Travelers Insurance is permitted to remit the Fees directly to Jackson Lewis, as opposed to routing them through the bankruptcy estate bank account.

   d. That the Fees are deemed a disbursement for the purposes of 11 U.S.C. § 326.

# # # # #

DATED: September 27, 2019

                                            /s/ Brian D. Shapiro
                                        BRIAN D. SHAPIRO, TRUSTEE

Submitted by:

**ATKINSON LAW ASSOCIATES LTD.**

    /s/ Robert Atkinson
ROBERT E. ATKINSON, ESQ.
Nevada Bar No. 9958
*General counsel for Trustee*