STEVEN T. GUBNER – NV Bar No. 4624
COREY R. WEBER – Admitted *Pro Hac Vice* – CA Bar No. 205912
ROBYN B. SOKOL – Admitted *Pro Hac Vice* – CA Bar No. 159506
BRUTZKUS GUBNER
300 S. 4th Street, Suite 1550
Las Vegas, NV 89101
Telephone: (702) 835-0800
Facsimile: (866) 995-0215
Email: sgubner@bg.law
   cweber@bg.law
   rsokol@bg.law

Special Litigation Counsel for Brian D. Shapiro,
Chapter 7 Trustee for the bankruptcy estate of
Debtor Lucky Dragon Hotel & Casino, LLC

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| In re: | Case No. 18-10792-mkn |
|---|---|
| LUCKY DRAGON HOTEL & CASINO, LLC,<br><br>Debtor. | Chapter 7<br><br>**FIRST INTERIM APPLICATION OF BRUTZKUS GUBNER ROZANSKY SEROR WEBER LLP, SPECIAL LITIGATION COUNSEL TO BRIAN D. SHAPIRO CHAPTER 7 TRUSTEE FOR THE BANKRUPTCY ESTATE OF DEBTOR LUCKY DRAGON HOTEL & CASINO, LLC, FOR COMPENSATION OF CONTINGENCY FEES AND REIMBURSEMENT OF EXPENSES RE: SETTLEMENT RELATING TO D&O CLAIMS**<br><br>**[Notice of Hearing and Declaration of Corey R. Weber are filed concurrently herewith]**<br><br>Hearing:<br>Date:  December 2, 2020<br>Time:  2:30 p.m.<br>Place:  Courtroom 2, 3rd Floor<br>     Foley Federal Building<br>     300 Las Vegas Boulevard South<br>     Las Vegas, NV 89101 |

1

2470556

**TO THE HONORABLE MIKE K. NAKAGAWA, UNITED STATES BANKRUPTCY COURT JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE AND ALL PARTIES IN INTEREST:**

1. Name of Applicant: Brutzkus Gubner Rozansky Seror Weber LLP ("<u>Brutzkus Gubner</u>" or "<u>Applicant</u>").

2. Type of Services Rendered: Special litigation counsel for Brian D. Shapiro, Chapter 7 Trustee (the "<u>Trustee</u>"), on a contingency fee basis pursuant to 11 U.S.C. § 328 for the period April 3, 2019 through the hearing on the Application ("<u>First Period</u>"). *See* description of services rendered, results obtained, and compensation requested on contingency fee basis below.

3. Date of Filing of Petition: On February 16, 2018 and February 21, 2018, Lucky Dragon Hotel & Casino, LLC ("LLC Debtor") and Lucky Dragon, LP ("LP Debtor") (collectively, "<u>Debtors</u>") commenced these bankruptcy cases by each filing a voluntary petition under Chapter 11 of the United States Bankruptcy Code [Docket Nos. 1 in each case]. On November 29, 2018, the Debtors' Chapter 11 cases were converted to Chapter 7 cases [*Docket No. 1019*]. Brian D. Shapiro was subsequently appointed to serve as the Chapter 7 Trustee for the bankruptcy estate of the LLC Debtor [*Docket No. 1019*].

4. Date of Entry of Order Approving Applicant's Employment: May 17, 2019 (entered on the docket on May 17, 2019), effective as of April 3, 2019 [Docket No. 1163 and 1195] ("<u>Brutzkus Gubner Employment Order</u>"). Pursuant to the Brutzkus Gubner Employment Order, Applicant was employed on a contingency fee basis. The Court did not require an hourly accounting in the Brutzkus Gubner Employment Order. Under the terms approved by the Court, for the D&O claims, Brutzkus Gubner is to be paid all actual and necessary out-of-pocket costs and expenses incurred with analyzing claims and filing and pursuing actions on the Trustee's behalf, and a contingency fee of:

   a. 30% of any gross recovery obtained through settlement, judgment or otherwise prior to the filing of a complaint against any applicable defendant(s);

   b. 35% of any gross recovery obtained through settlement, judgment or otherwise post-filing of complaint but prior to discovery;

///

2470556

    c.  40% of any gross recovery obtained through settlement, judgment or otherwise post non-expert discovery cutoff up through 60 days before trial; and

    d.  45% of any gross recovery obtained through settlement, judgment or otherwise thereafter.

5. Date of Filing of Last Fee and Expense Application:  Not applicable.

6. Total Fees and Costs allowed or Paid to Applicant to Date (including Retainers and Prior Approved Fee Applications):  $0.00.

7. Summary of Requested Fees:  Subject to the Court approving the settlement with the D&Os and the Trustee's receipt of the settlement amount, a contingency fee of $205,800.00 calculated based upon a 35% contingency fee (the settlement was reached after the filing of an adversary complaint) on total recovery of $588,000.00, as more particularly described in paragraph 9 below.  In light of the contingency fee arrangement approved by the Court in the Brutzkus Gubner Employment Order (Docket No. 1195), Brutzkus Gubner does not request any compensation based on time expended.

8. Number of Hours of Professional Time:  This is an application ("Application") for contingency fees and the Court has not directed that time records be kept for this matter.  Nevertheless, as part of its normal business practices, Brutzkus Gubner does maintain time records for a variety of purposes including, but not limited to, internal bookkeeping and determining profitability and tracking attorney performance.  For purposes of full disclosure, Brutzkus Gubner incurred over 553 hours and over $290,000 in fees to date in regard to the D&O claims on behalf of the Trustee.

9. Total Fees Requested By The Application: Subject to the Court approving the settlement with the D&Os and the Trustee's receipt of the settlement amount, $205,800.00 in contingency fees based on settlement with directors and officers of the LLC Debtor ("D&Os") in the amount of $588,000 (contingency fee of 35% x $588,000 = $205,800) (contingency fee of 35%, because the settlement was after a complaint was filed).  *See* attached narrative discussing the contingency fees based on the settlement.

10. Total Expenses Paid to Applicant to Date:  $0.00.

///

3

2470556

11. Summary of Requested Expense Reimbursement: Subject to the Court approving the settlement with the D&Os and the Trustee's receipt of the settlement amount, $16,174.00 in expenses. *See* **Exhibit 1** attached to the Declaration of Corey R. Weber filed concurrently herewith ("Weber Declaration"), incorporated herein by this reference.

12. Total Expense Reimbursement Requested By the Application: $16,174.00.

13. Applicant Submits the Following in Support of the Application: *See* narrative statement below and résumé of Applicant's professionals, a true and correct copy of which is attached as **Exhibit 2** to the Weber Declaration and incorporated herein by this reference.

14. Applicant reviewed the requirements of the Bankruptcy Local Rules for the District of Nevada and the Guidelines, with which the Application complies.

Applicant declares under penalty of perjury under the laws of the United States of America that the foregoing and all attached supporting documents are true and correct and accurately reflect services rendered and expenses incurred by Applicant herein.

Executed this 4th day of November, 2020, at Woodland Hills, California.

By: /s/ Steven T. Gubner
Steven T. Gubner
Corey R. Weber
Robyn B. Sokol

For Applicant Brutzkus Gubner, Special Litigation Counsel for Brian D. Shapiro, Chapter 7 Trustee

4

2470556

**NARRATIVE STATEMENT OF SERVICES RENDERED AND EXPENSES INCURRED**

Pursuant to 11 U.S.C. §§ 328[1], 330 and 331, Fed. R. Bankr. P. 2016 and the Brutzkus Gubner Employment Order [Docket No. 1195], Applicant Brutzkus Gubner, special litigation counsel for the Trustee, hereby submits this narrative statement of services rendered and expenses incurred in this case during the First Period. This Application provides the Court with the history and results of Applicant's services to the Trustee as special litigation counsel, and Brutzkus Gubner's resulting request for payment of contingency fees.

During the First Period, a settlement was reached with former officers, directors and owners of the Debtor resulting in a gross recovery of $588,000 for the estate, subject to Court approval.

Pursuant to Fed. R. Bankr. P. 2016 and 2002, Brutzkus Gubner concurrently is serving notice of the hearing on the Application and the amount of fees and costs sought herein by Brutzkus Gubner on the Office of the United States Trustee ("OUST") to creditors of the Estate, and all other known parties in interest.

## I.

## INTRODUCTORY STATEMENT

Brutzkus Gubner requests allowance and payment of contingency fees in the amount of $205,800.00, and reimbursement of expenses in the amount of $16,174.00, for a total of $221,974.00 during the First Period with respect to the settlement entered into by and between the Trustee and directors and officers of Debtor, Las Vegas Economic Impact Regional Center, LLC, David Jacoby and William Widener ("D&Os") in the amount of $588,000 (contingency fee of 35% x $588,000) (contingency fee of 35% because the settlement was after a complaint was filed). The contingency fees and reimbursement of expenses are requested subject to the Court's approval of the settlement with the D&Os, and subject to the Trustee's receipt of the settlement amount.

The Trustee's settlement with the D&Os was reached at a full-day mediation on September 3, 2020 held in person with the Trustee and his general and special litigation counsel and with the defendants and their counsel participating remotely via videoconference. The Honorable Stewart Bell of JAMS (Judge, Eighth Judicial District Court of Clark County, Nevada, Ret.) was the mediator. The

---

[1] Brutzkus Gubner Employment Order [*Docket No. 1195*], p. 2 of 3, lines 6-12.

2470556

Trustee's settlement with the D&O parties was reached based on the parties' acceptance of the mediator's proposal at the conclusion of the mediation.

The hearing on the motion for approval of the settlement with the D&Os will take place on November 10, 2020 [Docket Nos. 1416 and 1418]. Pursuant to the settlement agreement with the D&Os, the settlement amount is to be paid on or before twenty-one calendar days after entry of a final, non-appealable order approving the settlement. The estate funds will increase by the $588,000 pursuant to the settlement, prior to the hearing on this Application. The settlement funds provide the estate with sufficient funds to pay the requested contingency fees and reimbursement of expenses, and constitute a meaningful recovery for the estate.

The contingency fee percentages used in calculating the amount of the requested fees are set forth in the Trustee's Application for Order Authorizing Employment of Brutzkus Gubner herein pursuant to 11 U.S.C. §§ 328, 330 and 331 [Docket No. 1163], as approved by the Court pursuant to the Brutzkus Gubner Employment Order entered on May 17, 2019 [Docket No. 1195]. This Application is filed pursuant to the Brutzkus Gubner Employment Order, the Federal Rules of Bankruptcy Procedure and the Bankruptcy Local Rules.

This Application has been reviewed and approved by the Trustee, as shown in the Client Review Statement / Declaration of Trustee attached hereto as **EXHIBIT 1**.

## II.

## PROCEDURAL HISTORY

### A.    The Bankruptcy Proceedings

On February 16, 2018 and February 21, 2018, Lucky Dragon Hotel & Casino, LLC ("LLC Debtor") and Lucky Dragon, LP ("LP Debtor") (collectively, "Debtors") commenced these bankruptcy cases by each filing a voluntary petition under Chapter 11 of the United States Bankruptcy Code [Docket Nos. 1 in each case].

On November 29, 2018, the Debtors' Chapter 11 cases were converted to Chapter 7 cases [Docket No. 1019]. Brian D. Shapiro was subsequently appointed to serve as the Chapter 7 Trustee for the bankruptcy estate of the LLC Debtor [Docket No. 1019].

///

**B.     Background Regarding the Claims in the Underlying Litigation**

After investigation into the LLC Debtor's financial affairs, on February 13, 2020 Applicant, on behalf of the Trustee, filed an adversary proceeding (Adversary No. 20-01029) (the "AP Case") against former directors, officers, and owners of the LLC Debtor, Las Vegas Economic Impact Regional Center, LLC, David Jacoby, William P. Weidner, Eastern Investments, LLC, BOFU, LLC, Andrew S. Fonfa, Weidner Management, LLC, and James Weidner (collectively the "D&O Defendants or the D&Os").

**C.     The Trustee's Claims Against the D&Os and Status of the Adversary Proceeding**

The Trustee's claims against the D&O Defendants are for breach of fiduciary duty and gross negligence. [Adv. Docket No. 1 in the AP Case.] The adversary complaint alleges that the D&Os wore multiple "hats," including: (a) serving as officers and/or managers of LLC while concurrently serving as officers and/or managers of LP; (b) serving as officers and/or managers of LLC while concurrently leasing facilities to LLC; (c) serving as officers and/or managers of LLC while concurrently negotiating the sale of their ownership interests in LLC, LP and LVEIRC in a manner that was not in the best interests of LLC. The complaint further alleges that the Defendants repeatedly ignored the conflicts of interest and acted in their own self-interests rather than in the interests of LLC. In addition, the complaint alleges that the D&O Defendants undercapitalized LLC, failing to make required capital contributions to LLC, disbursed funds rather than using the funds for LLC, and had LLC pay LVEIRC's expenses at times when LLC was unable to pay debts as they became due or was insolvent, and which transactions were not for the benefit of LLC.

The Defendants have disputed the claims and allegations in the AP Case. No answer or responsive pleading has yet been filed based on settlement discussions and the mediation. Pursuant to an Order Granting Stipulation to Continue Scheduling Conference and Continue Response Date of Defendants to Complaint for (1) Breach of Fiduciary Duty; and (2) Gross Negligence [Adv. Docket No. 25], the deadline for the D&O Defendants to respond to the complaint is November 5, 2020 and the Scheduling Conference is set for January 14, 2021.

///

7

2470556

**D.     Retention of Brutzkus Gubner as Special Litigation Counsel**

    **1.     Employment of Brutzkus Gubner as Special Litigation Counsel**

Brutzkus Gubner's employment as Trustee's special litigation counsel was approved by the Brutzkus Gubner Employment Order entered May 17, 2019 and effective as of April 3, 2019. Brutzkus Gubner was employed as the Trustee's special litigation counsel in connection with: (1) investigating, evaluating, negotiating, and filing and/or litigation claims held by the Trustee against the LLC Debtor's Directors and Officers; and (2) investigating, evaluating, negotiating, filing and/or litigating claims against Snow Covered Capital, LLC and its principals, agents and/or affiliated entities.

Pursuant to the Brutzkus Gubner Employment Order, for the D&O claims, Brutzkus Gubner is to be paid all actual and necessary out-of-pocket costs and expenses, and a contingency fee of 30% of any gross recovery obtained through settlement, judgment or otherwise prior to the filing of a complaint against any applicable defendant(s); 35% of any gross recovery obtained through settlement, judgment or otherwise post-filing of complaint but prior to discovery; 40% of any gross recovery obtained through settlement, judgment or otherwise post non-expert discovery cutoff up through 60 days before trial; and 45% of any gross recovery obtained through settlement, judgment or otherwise thereafter.

**III.**

**STATEMENT OF SERVICES RENDERED AND TIME EXPENDED**

The following is a description of Brutzkus Gubner's services during this First Period.

Having been employed on a contingent fee basis, Brutzkus Gubner provides the Court with the history and results of Brutzkus Gubner's services to the Trustee and resulting contingent fee request. No detailed hourly report is therefore required.

The Application complies with all statutory guidelines and requirements.  Brutzkus Gubner's services herein were approved for compensation on a contingency fee basis based on the claims brought on the Trustee's behalf, and settlement obtained, and the Application seeks approval of compensation for contingency fees obtained by virtue of the settlement obtained to date (the settlement with the D&Os), and the reimbursement of expenses.

2470556

**A.      The Trustee's Claims Against the Directors and Officers of the LLC Debtor**

Prior to and subsequent to the commencement of the AP Case against the D&Os, Brutzkus Gubner, among other things: (1) engaged in a detailed review and analysis of documents and a review of the pleadings in the Bankruptcy Cases and; (2) analyzed the potential claims against the D&Os, and provided a detailed analysis of the claims to the Trustee; (3) drafted and filed an adversary complaint against the D&Os; and (4) engaged in settlement discussions with counsel for the D&Os; (5) prepared and filed stipulations with the Court; (6) prepared a mediation brief, and prepared for and attended the mediation; and (7) negotiated and revised the settlement agreement.

On September 3, 2020, a mediation took place with the Honorable Stewart Bell (Ret.) of JAMS serving as the mediator. At the mediation, the Trustee resolved his claims against the D&Os and the parties prepared and entered into a short-form settlement agreement. Following the mediation, special litigation counsel for the Trustee and counsel for the D&Os negotiated and revised a long-form settlement agreement. The mediator's proposal resulted in the settlement agreement between the Trustee and the D&Os. The motion to approve the settlement with the D&Os is set to be heard on November 10, 2020.

Pursuant to the Brutzkus Gubner Employment Order, and based on the settlement with the D&Os, Brutzkus Gubner requests a 35% contingency fee in the amount of $205,800.00 (35% x $588,000), representing 35% of the gross recovery of the D&O settlement payment which shall be made to the Trustee.

**B.      The Trustee's Claims Against Parties in Other Adversary Proceedings Are Not the Subject of This Fee Application Given That They Have Not Been Adjudicated or Resolved At This Point Are Not the Subject of This Fee Application Given That They Have Not Been Adjudicated or Resolved At This Time**

The Trustee's claims against Snow Covered Capital, LLC and other parties are part of a separate adversary proceeding, and that adversary proceeding has not been adjudicated or resolved. Brutzkus Gubner does not request contingency fees in regard to the claims in that adversary proceeding at this time.

///

9

## IV.

## **INFORMATION REGARDING REIMBURSABLE EXPENSES**

A.  Included in **Exhibit 1** attached to the Weber Declaration and incorporated herein by this reference is a summary of all expenses incurred in connection with Brutzkus Gubner's representation of the Trustee during the First Period.

B.  Brutzkus Gubner requests reimbursement of $16,174.00 in expenses, including costs advanced for mediator's fees, reproduction, filing fees, research, and other out-of-pocket costs and expenses necessarily incurred on behalf of the Estate. Brutzkus Gubner makes every effort to limit the expenditure of expenses and to use the most economical means available for accomplishing the tasks requiring expenditure of costs.

C.  Brutzkus Gubner regularly charges $.20 per page for in-house photocopying and printing, which represents Brutzkus Gubner 's estimate of its actual cost for these services for the machines, supplies and extra labor associated with those photocopies. The number of photocopies is recorded each time photocopies are made.

D.  Brutzkus Gubner generally requests reimbursement for the costs of sending facsimiles at $1.00 per page. This amount reflects Brutzkus Gubner's calculation of the actual costs incurred by Brutzkus Gubner for the machines, supplies and extra labor expense associated with sending facsimiles and is reasonable in relation to the amounts charged by outside vendors who provide these services. Brutzkus Gubner does not seek reimbursement for receiving facsimiles. (No facsimile costs were incurred here.)

E.  Brutzkus Gubner charges for postage expenses incurred for mailing notices to creditors, serving pleadings, and sending general correspondences with respect to the subject of its employment in this case.

F.  Attorney service, messenger and overnight delivery services are only used when necessary, and Brutzkus Gubner attempts to avoid extra charges for messenger and overnight delivery expenses when information can be transmitted by other means, such as mail, e-mail or facsimiles. Brutzkus Gubner attempts to use the least expensive services available consistent with obtaining

2470556

delivery within the time required and posts actual charges incurred for these services to clients' accounts.

  G. Computer research service expenses are passed on to the client at the actual cost incurred by Brutzkus Gubner.

  H. Expenses for parking, mileage and other travel expenses are passed on to the client at the actual cost incurred by Brutzkus Gubner.

  **WHEREFORE,** Applicant Brutzkus Gubner prays for an order of this Court as follows:

  1. Allowing compensation to Brutzkus Gubner for contingency fees in the amount of $205,800.00 (35% contingency fee x settlement of $588,000.00) based on the Trustee's settlement with the D&Os, and reimbursement of costs and expenses incurred in the amount of $16,174.00, for a total of $221,974.00 for the First Period;

  2. For an order allowing and directing the sum of $221,974.00 to be paid to Brutzkus Gubner forthwith upon entry of an order approving the settlement with the D&Os and the Trustee's receipt of the settlement amount; and

  3. For such other and further relief as this Court deems just and proper.

Dated:  November 4, 2020    BRUTZKUS GUBNER

             By: /s/ Steven T. Gubner
               Steven T. Gubner
               Corey R. Weber
               Robyn B. Sokol

               For Applicant Brutzkus Gubner, Special Litigation Counsel for Brian D. Shapiro, Chapter 7 Trustee

2470556

## CLIENT REVIEW STATEMENT / DECLARATION OF TRUSTEE

**BRIAN D. SHAPIRO** hereby declares and verifies:

1. That I am the chapter 7 trustee for the bankruptcy estate of debtor Lucky Dragon Hotel & Casino, LLC (the "Debtor"), Bankruptcy Case No. 18-10792-mkn.

2. That I understand that this statement is to be used as an exhibit in the first interim application for compensation of contingency fees and reimbursement of expenses (the "Application") for my special litigation counsel, Brutzkus Gubner Rozansky Seror Weber LLP ("Brutzkus Gubner"), for the period from April 3, 2019 through the hearing on Brutzkus Gubner's Application, inclusively (the "Application Period").

3. That I interacted with Robyn Sokol, Corey Weber and Steven Gubner on a regular basis during the Application Period, and so my assessment contained in this statement is based on my personal knowledge.

4. That I have reviewed the Application and the contingency fees sought therein.

5. That, in my judgment, Brutzkus Gubner's review and analysis of books and records, analysis of potential claims, drafting of and filing of an adversary complaint, settlement discussions with counsel for the defendants in the adversary proceeding, preparation for and attendance at a mediation with the defendants, and the arguments and advice Brutzkus Gubner provided to me both before and during the mediation, led to the settlement obtained that I obtained on behalf of the Debtor's estate with certain of the former directors, officers and owners of the Debtor.

6. That, in my judgment, the work performed by Brutzkus Gubner was necessary for the benefit of the bankruptcy estate at the time it was incurred, and also was necessary for the administration of the estate.

7. That I believe that the contingency rate (35%) and the contingency fee amount ($205,800) sought in the Application, and the expenses of $16,174 for which Brutzkus



**EXHIBIT 1**    **12**

Gubner seeks reimbursement, for a total of $221,974 during the Application Period, are appropriate and reasonable.

8. There were no subsequent developments not capable of being anticipated at the time of the fixing of the contingency fee terms and conditions, and thus I assert that the contingency rate is not improvident.

9. That I have no objections to any of the detail, contingency fee, expenses, or the total amounts sought by Brutzkus Gubner in its application for fees and expense reimbursement and support the Application.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct. Executed in on Nov 3, 2020 in Las Vegas, Nevada.

BRIAN D. SHAPIRO, Trustee

11-3-2020
Date

**13**